IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SIMPLOT AB RETAIL SUB, INC.<br><br>Plaintiff.<br><br>v.<br><br>NORTH LIBERTY LAND, LLC and JAMES VOGT,<br><br>Defendants. | Case No. 18-cv-04047-KEM<br><br>**PLAINTIFF SIMPLOT AB RETAIL SUB, INC.'S BRIEF IN SUPPORT OF MOTION TO COMPEL** |

Plaintiff, Simplot AB Retail Sub, Inc. ("Plaintiff" or "Simplot"), submits the following brief in support of its Motion to Compel against Defendants North Liberty Land, LLC and James Vogt ("Defendants"):

**I.     INTRODUCTION**

Simplot has requested discovery from Defendants relating to the sale of the assets of Defendant North Liberty Land, LLC's ("North Liberty") to Growmark FS II, LLC ("Growmark"), which occurred in October 2018; after the commencement of this litigation in June 2018, but prior to North Liberty bringing its seven (7) counterclaims against Simplot in December 2019. Simplot seeks discovery on the terms of this sale to determine if the counterclaims asserted by North Liberty in December 2019 were an included or excluded asset in the sale to Growmark that occurred in October 2018.

While initially agreeing to turn over this information on May 20, 2020, Defendants have since cited numerous excuses as to why they are unable to turnover these documents and refused to provide any testimony relating to the sale in Defendant James Vogt's deposition.

Simplot's motion to compel requests Defendants produce documentation relating to the following:

1

| Simplot's Discovery Request | What Simplot Seeks |
|---|---|
| **RFP No. 31:** Any and all documents related to the sale or acquisition of Northwest Ag, or transfer of its assets, including but not limited to, offer to purchase, buy/sell agreement, asset purchase agreement, operating agreement, separation agreement, non-compete agreement, etc. | <ul><li>Determine whether the counterclaims brought by North Liberty against Simplot were or were not included in the sale of assets to Growmark.</li><li>Determine whether the liability owed by North Liberty to Simplot was or was not included in the sale to Growmark.</li><li>Determine whether North Liberty made any representations to Growmark in the sale documents that contradict any statements made in this litigation.</li></ul> |

The information sought by Simplot goes to the very basic legal question of whether North Liberty has standing to bring its counterclaims against Simplot and whether it is the party indebted to Simplot. Accordingly, Defendants should be compelled to provide responsive documentation relating to the sale of North Liberty's assets to Growmark in October 2018.

## II. SIMPLOT'S DISCOVERY REQUEST IS RELEVANT TO THE COUNTERCLAIMS ASSERTED IN THIS CASE.

### A. Rule 26(b)(1) Standard for Relevance.

The scope of discovery provided by the Federal Rules of Civil Procedure is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Catipovic v. Turley*, 2013 WL 1718061, at *2 (N.D. Iowa 2013) (internal quotation marks and citation omitted). "[R]elevance in the context of discovery is broader than in the context of

admissibility…." *Dakota, Minnesota & Eastern R.R. Corp. v. Ingram Barge Co.*, 2017 WL 11450266, at * 2 (N.D. Iowa June 13, 2017). In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

### B. Simplot's Request is Relevant to the Litigation

Simplot brought the instant litigation against North Liberty on June 5, 2018 seeking to collect on a number of unpaid invoices owed by Northwest Ag Supply, LLC ("Northwest Ag") to Simplot. *See* Complaint (Doc. #1). In October 2018, Northwest Ag sold a portion of its assets to Growmark. (Loftus Decl. ¶2). Thereafter, on October 19, 2018, Northwest Ag filed an amendment with the Iowa Secretary of State to change its name to North Liberty. *Id.* On June 4, 2020, North Liberty was added and substituted as a party to this litigation for Northwest Ag. (Doc. #54).

On October 24, 2018, Simplot served its First Set of Request for Production of Documents upon the Defendants. (Loftus Decl. ¶4; Ex. 1). In its Request for Production of Documents No. 31, Plaintiff sought the following documentation:

> **31. Any and all documents related to the sale or acquisition of Northwest Ag, or transfer of its assets, including but not limited to, offer to purchase, buy/sell agreement, assets purchase agreement, operating agreement, separation agreement, non-compete agreement, etc.**

*Id.* On December 27, 2018, Defendants served their responses to these discovery requests. (Loftus Decl. ¶5; Ex. 2). In response to Request for Production of Documents No. 31, the Defendants responded as follows:

> **RESPONSE: Objection. This request is not relevant, nor is it reasonably calculated to lead to the discovery of relevant evidence.**

3

*Id.*

On December 6, 2019, the Defendants were granted leave by the Court to add additional affirmative defenses and to assert seven (7) counterclaims against Simplot for the following: fraudulent misrepresentation; negligent misrepresentation; breach of the covenant of good faith and fair dealing; breach of contract (credit application); breach of contract (invoices); breach of contract (rebates); and unjust enrichment. (Doc. #41).

The counterclaims asserted by the Defendants against Simplot appear to involve transactions involving North Liberty's account with Simplot and purported unpaid rebates owed by Simplot to North Liberty. (Doc. 40-1, pp. 6-16). Further, the allegations raised by North Liberty occurred prior to the commencement of this litigation in June of 2018. As a result, these purported counterclaims were assets of North Liberty at the time it sold its assets to Growmark in October 2018. The counterclaims held by North Liberty involve items that could be listed in its accounts receivable, or rights to payments, all of which could be construed as an asset and included in any asset sale from one business to another. Accordingly, Simplot is entitled to conduct discovery into the terms of this sale to determine if the counterclaims were or were not included assets in the sale involving North Liberty and Growmark.

Furthermore, Simplot is entitled to conduct discovery to confirm Growmark did not acquire any liabilities of North Liberty, including North Liberty's outstanding obligation owed to Simplot. If Growmark acquired this liability, Simplot would have a basis to seek payment from Growmark for the amount sought in this litigation.

Finally, as North Liberty disputes receiving a significant amount of the product delivered to it by Simplot, Simplot is entitled to review the sale documents to determine if any of the disputed products were included in any asset schedule, inventory report, sales report, accounts

4

receivable, etc. Given that the sale occurred within a few months of the commencement of this litigation, the information provided to Growmark by North Liberty in regard to its assets is relevant to the issues in dispute in this litigation.

### III.  NORTH LIBERTY HAS FAILED TO PRODUCE THE REQUESTED DOCUMENTATION IN RFD NO. 31

Due to the Defendants' initial objection to Request for Production No. 31, and refusal to produce any relevant documentation, counsel for the Plaintiff and Defendants held a meet and confer on May 22, 2020. (Loftus Decl. ¶7). At the meet and confer, counsel for the Defendants agreed to provide documents relating to the Growmark sale, with a tentative deadline of June 1, 2020. *Id*. Defendants' counsel noted that they would possibly need to have Growmark sign off on the production of the sale documents. *Id*. To confirm the discussion, Plaintiff's counsel sent an email that same day to Defendants' counsel. (Loftus Decl. ¶8; Ex. 3). Plaintiff's counsel also stated that Plaintiff would not object to the Defendants labeling the sale documents as "Confidential" in accordance with the Court's Stipulated Protective Order. *Id*; *See also* Doc. #52.

Between June 2, 2020 and June 24, 2020, counsel for the Plaintiff and Defendants have conferred several times in regard to the production of the sale documents sought in Request for Production No. 31. *See* Loftus Decl. ¶¶9-12, Ex. 4-7. It appears the Defendants are willing to produce an undefined amount of documentation relating to the sale, but are having difficulty obtaining Growmark's consent under a confidentiality provision in the sale documents. *Id*. ¶11; Ex. 6. Moreover, at his deposition on June 24, 2020, James Vogt, the primary owner of North Liberty at all times pertinent to this litigation, was directed by his legal counsel to not respond to any questions involving the sale of the business assets to Growmark.

5

As discovery closes in this litigation on June 30, 2020, Plaintiff has been forced to bring the instant motion to compel Defendants' production of the requested documentation. As it presently stands, North Liberty cannot even provide evidence that it has standing to bring its claims against Simplot, and that it is the party responsible for the outstanding obligation owed to Simplot. While Simplot has not been involved in the discussions between North Liberty and Growmark, an order from this Court compelling North Liberty to provide the requested documentation will surely move this matter along and provide Simplot with the information it seeks.

## IV. CONCLUSION

For the foregoing reasons, Simplot respectfully requests that the Court enter an Order compelling Defendants to provide full responses to Request for Production of Documents No. 31 served upon them by Simplot, for Simplot's reasonable attorneys' fees and costs incurred under Rule 37 related to this motion, and for such other relief as the Court deems just and equitable.

Dated: June 30, 2020

Respectfully submitted,

/s/ Christopher K. Loftus
Christopher K. Loftus AT0008901
Simmons Perrine Moyer Bergman PLC
115 Third Street, S.E., Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: cloftus@SPMBLaw.com
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

    I hereby certify that on June 30, 2019, I electronically filed the foregoing document with the Clerk of Court using the ECF system with a copy being sent via electronic notice to counsel of record:

Jill M. Davis
Michael R. Bovee

                                        /s/ Falon Erbe

7

Case 5:18-cv-04047-KEM   Document 55-1   Filed 06/30/20   Page 7 of 7