IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SIMPLOT AB RETAIL SUB, INC.<br><br>Plaintiff.<br><br>v.<br><br>NORTH LIBERTY LAND, LLC and JAMES VOGT,<br><br>Defendants. | Case No. 18-cv-04047-KEM<br><br>**PLAINTIFF SIMPLOT AB RETAIL SUB, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL** |

Plaintiff, Simplot AB Retail Sub, Inc. ("Plaintiff" or "Simplot"), submits the following Reply Brief in support of its Motion to Compel against Defendants North Liberty Land, LLC and James Vogt ("Defendants"):

### I.  INTRODUCTION

Simplot has requested that Defendants provide documents responsive to Plaintiff's Request for Production of Documents No. 31. Those documents relate to the sale of Defendant North Liberty Land, LLC's assets. Defendants' only objection at the time of the request was boilerplate: "Objection. This request is not relevant, nor is it reasonably calculated to lead to the discovery of relevant evidence." Doc. #55-4, p. 9. This objection did not meet the requirements of Rule 34(b)(2)(B) as to specificity, nor did Defendants state that any documents were being withheld on the basis of the objection as required by Rule 34(b)(2)(C).

Defendants make three arguments in resisting Plaintiff's Motion. First, Defendants argue that they are barred from producing the documents by a confidentiality clause. Defendants waived this argument by not timely asserting it as an objection, and it is contrary to the Rules and case law in any event. Second, Defendants contend that RFPD No. 31 seeks information beyond what is relevant, yet they provide the court with no argument or evidence to support this.

1

Indeed, Defendants appear to concede that at least a portion of the requested documents are relevant. Finally, Defendants contend that Plaintiff's Motion to Compel is somehow untimely. Defendants provide no authority for this third argument, and Plaintiff's Motion was timely filed.

## II. THIRD-PARTY CONFIDENTIALITY AGREEMENTS DO NOT SUPERCEDE THE FEDERAL RULES

Defendants' primary argument is that the Asset Purchase Agreement they signed with Growmark FS II, LLC ("Growmark") contractually prohibits them from producing the information sought by Plaintiffs. Defendants did not raise this as an objection to RFPD No. 31 even though the sale apparently occurred in October 2018 and Defendants' discovery responses were dated December 27, 2018. Since Defendants did not timely object on this basis, it is waived. *Indus. Risk Insurers v. D.C. Taylor Co.*, No. C06-0171, 2008 WL 2219932, at *5 (N.D. Iowa May 28, 2008); *Parshall v. Menard, Inc.*, No. 4:16-CV-828 (CEJ), 2016 WL 7188125, at *2 (E.D. Mo. Dec. 12, 2016).

"As a general rule, 'confidentiality agreements will not stand as a barrier to discovery between two parties in litigation.'" *Shvartser v. Lekser*, 270 F. Supp. 3d 96, 98 (D.D.C. 2017) (quoting *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 922 (D. Nev. 2006). Federal R. Civ. P. 26 permits discovery "regarding any **nonprivileged** matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). "A concern for protecting confidentiality does not equate to privilege, and several courts have found that settlement agreements are not shielded from discovery simply because they are confidential." *Blount v. Major*, No. 4:15 CV 322 DDN, 2016 WL 6441597, at *1 (E.D. Mo. Nov. 1, 2016).[1] Thus, Defendants' assertion of a confidentiality agreement with a third party is not a valid basis to resist discovery.

---

[1] Discussions in the *Shvartser* and *Blount* opinions reflect that numerous other courts have concurred in this result.

2

Finally, Plaintiff notes that a Stipulated Protective Order (Doc. #52) has been entered in this case. There is no suggestion that the provisions of that Protective Order would be inadequate to address any sensitive information contained in the requested documents.

### III. THE REQUESTED DOCUMENTS ARE RELEVANT

Defendants' only timely objection to RFPD No. 31 was to relevance:

**RESPONSE: Objection. This request is not relevant, nor is it reasonably calculated to lead to the discovery of relevant evidence.**

Defendants provided no explanation or specificity to support this objection as to relevance, violating Rule 34(b)(2)(B) and waiving the objection. *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 187 (N.D. Iowa 2017).

Part II of Plaintiff's Brief (Doc. #55-1, pp. 2-5) explains why the requested documents are relevant to this litigation and particularly to Defendants' counterclaims filed in December 2019. It is telling that Defendants deny Plaintiff's assertions of relevance, yet provide no argument or evidence to support their denial. "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). Indeed, Defendants appear to concede that at least some of the requested documents *are* relevant, since Defendants assert that they would be willing to produce "certain information" if Growmark would consent. Doc. # 56-1, p. 4. Of course, it is not for Defendants (or Growmark) to unilaterally determine the scope of discovery.

Defendants also assert that RFPD No. 31 is overly broad and not proportional to the needs of the case. Defendants did not timely assert this as an objection to the request, thus waiving this objection. *Indus. Risk Insurers v. D.C. Taylor Co.*, No. C06-0171, 2008 WL 2219932, at *5 (N.D. Iowa May 28, 2008). Moreover, Defendants again provide no explanation or factual basis for this assertion, thus failing to meet their burden. *St. Paul Reinsurance Co. v.*

3

*Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). Since the request seeks relevant information and Defendants have either waived their objections or failed to substantiate a basis for them, the documents must be produced.

## IV. PLAINTIFF'S MOTION TO COMPEL IS TIMELY

Finally, Defendants contend that Plaintiff has somehow missed its window to seek compliance with RFPD No. 31, since Defendants first objected to the request on December 27, 2018. Defendants provide no explanation for this contention, nor do they provide any authority to support it. Plaintiff's Motion to Compel was timely filed on June 30, 2020, before the applicable deadline, and Defendants concede that the Plaintiff had properly conferred on the request for more than a month prior to filing.

Even if promptness were at issue, however, Plaintiff acted reasonably promptly with respect to Defendants' own actions. First, even though Defendants have been withholding documents responsive to RFPD No. 31, they violated Rule 34(b)(2)(C) by not stating this in response to the request. The purpose of this requirement is to "alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection." Fed. R. Civ. P. 34 Committee Notes on Rules – 2015 Amendment. Defendants, having hampered this "informed discussion," may not now complain that the discussion was had too late. Further, as noted in Plaintiff's Motion, the information requested is most closely related to Defendants' counterclaims. Those counterclaims were not filed until December 2019 and Plaintiff conferred on the discovery responses in that context within months.

## V. CONCLUSION

For the foregoing reasons, Simplot respectfully requests that the Court enter an Order compelling Defendants to provide full responses to Request for Production of Documents No. 31

4

served upon them by Simplot, for Simplot's reasonable attorneys' fees and costs incurred under Rule 37 related to this motion, and for such other relief as the Court deems just and equitable.

Dated: July 20, 2020                  Respectfully submitted,

/s/ Christopher K. Loftus
Christopher K. Loftus AT0008901
Simmons Perrine Moyer Bergman PLC
115 Third Street, S.E., Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: cloftus@SPMBLaw.com
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

    I hereby certify that on July 20, 2020, I electronically filed the foregoing document with the Clerk of Court using the ECF system with a copy being sent via electronic notice to counsel of record:

    Jill M. Davis
    Michael R. Bovee

                               /s/ Falon Erbe