IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SIMPLOT AB RETAIL SUB, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> NORTH LIBERTY LAND, LLC, and JAMES VOGT, <br><br> Defendants/Counter-Claimants. | No. 18-CV-4047-KEM <br><br> **MEMORANDUM OPINION AND ORDER** |

_____

I previously granted in part and denied in part a motion to exclude evidence filed by Plaintiff/Counter-Defendant Simplot Ab Retail Sub, Inc. Doc. 74. In that order, I found that Defendants/Counter-Claimants North Liberty Land, LLC, and James Vogt had violated the court's expert-disclosure deadlines and that the "addendum" to their expert-witness report, in which the expert proffered an entirely different opinion from his previous report, had to be excluded. *Id.* But, I denied Simplot's request to exclude 167 pages of documents, noting that discovery had not closed at the time of the disclosure and that Simplot stated the documents should be excluded without analyzing the issue separately from the expert-disclosure issue. *Id.* Because the expert "addendum" seemed clearly violative of the rules, I suggested an award of attorney's fees might be appropriate, giving North Liberty a chance to brief the issue and ordering Simplot to submit an itemized list of attorney's fees incurred in bringing the motion to exclude. *Id.*

North Liberty argues (as it did in its resistance to the motion to exclude) that Simplot produced additional discovery in May 2020, including invoices and signed bills of lading, that led to its expert's new approach. But, as I noted in the order on the motion to exclude, nothing would have prevented North Liberty from asking its expert to compare Simplot's account statement to the bills of lading and signed invoices in North

Liberty's possession in March 2020, when the initial expert report was due, to determine the amount owed. As North Liberty recognizes, a portion of the documents the expert relied on were in North Liberty's possession at the time of the initial expert-disclosure deadline. North Liberty argues that had it asked its expert to perform such work in March 2020, he would have concluded North Liberty owed much more money than he has now determined. But additional documentation (bills of lading and signed invoices) from Simplot in May 2020 should have led only to a greater number of confirmed charges, rather than less, as no additional sideways transactions have been identified by the parties since June 2019. I do not find that North Liberty has provided any justification for failing to ask its expert earlier in time to calculate the amount owed by looking only at transactions supported by bills of lading or signed invoices.

North Liberty's late disclosure clearly violated the rules, was not substantially justified, and was not harmless. This is not the first time that North Liberty disclosed information to Simplot that it could have disclosed earlier in time (*see* Doc. 36), and it appears that counsel for North Liberty waited until the summary-judgment deadline loomed to perform work on the case that could have been (and should have been) performed much earlier in time. I find that in addition to exclusion of the expert report, Simplot should be awarded a portion of its attorney's fees incurred in bringing the motion to exclude. *See* **Fed. R. Civ. P. 37(c)**.

As North Liberty notes, however, I did not grant the entirety of Simplot's motion to exclude. North Liberty also notes that Simplot included arguments in its motion to exclude based on facts contradicted by the parties' meet-and-confer conference. In addition, Simplot has requested what is, in the court's opinion, an exorbitant amount of fees, and Simplot includes items the court does not find it should be entitled to recover, such as preparing the fee statement and meeting and conferring with opposing counsel about the dispute. *See* Doc. 80. The relevant issue was straightforward, and Simplot cited only the rule and three cases in the motion to exclude. The court finds that an award of $2,000 in attorney's fees is reasonable.

2

Accordingly, the court awards Simplot an award of $2,000 in attorney's fees for preparing the motion to exclude, to be paid by counsel for North Liberty (North Liberty and Vogt shall not pay any part of the attorney's fee award).

**IT IS SO ORDERED** this 19th day of October, 2020.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa